UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---------------------------------------------------------------
**PETER SWORD,**            :
    **Plaintiff**           :
                                     :
    **v.**                        :      **C.A. No.**
                                       :      **Jury Trial Demanded**
**CITY OF PROVIDENCE, by and through**   :
**its Treasurer, James Lombardi III,**        :
    **Defendant**          :
---------------------------------------------------------------

## **COMPLAINT**

### **I. Introduction**

This is an action brought by Plaintiff Peter Sword against the Defendant City of Providence, by and through its Treasurer James Lombardi, III ("City"), seeking damages arising out of the unlawful conduct of the Defendant in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. §28-12-1, *et seq.*

### **II. Parties**

1. The Plaintiff is a resident of the State of Rhode Island and was an employee of the Defendant City of Providence within the meaning of the FLSA and the RIMWA.

2. Defendant City of Providence is a municipality within the State of Rhode Island, with its City Hall located at 25 Dorrance Street, Providence, Rhode Island, and is sued by and through its Treasurer James Lombardi III.

1

### III. Jurisdiction

3. This Court has jurisdiction over the Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b) and supplemental jurisdiction over the Plaintiff's claims under the RIMWA pursuant to 28 U.S.C. §1367.

### IV. Venue

4. Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Material Facts

5. The Plaintiff has been employed with Defendant City as a firefighter from March 16, 1992 until Plaintiff's retirement on March 16, 2024.

6. Plaintiffs served the first twenty-two years on the job as a Firefighter/EMT, before transferring to the fire department's Fire Investigation Unit in or about 2013 - 2014, and then became an Arson Investigator in 2017.

7. In March 2019, Plaintiff Sword began working as a canine handler with Accelerant Detection K9 Wizard, ("K9") a then-2-year old Labrador retriever.

8. At that time, K9 Wizard was one of only two Accelerant Detector K9s in Rhode Island.

9. At all relevant times, Plaintiff Sword was assigned as an Arson Investigator to "Grade 1 Firefighter Car 79", which per the collective bargaining agreement had the following pay scale:

| Position | 7/1/21 | 7/1/22 | 7/1/23 | 7/1/24 |
|---|---|---|---|---|
| Grade 1 Firefighter Car 79 | $ 1,453.332 | $ 1,511.465 | $ 1,571.924 | $ 1,634.801 |

10. Plaintiff Sword's regular work week being assigned to Car 79 was four ten-hour days per week – Monday, Tuesday, Thursday and Friday - for a total of forty hours per week, as well as being required to be on call 24/7.

11. Plaintiff Sword did not receive any additional compensation or overtime for his added duties as a canine handler, yet those duties required Plaintiff to work additional hours each week beyond his scheduled forty-hour work week.

12. During the entire time Plaintiff was a canine handler, from March 2019 through March 2024, Plaintiff was not compensated anything additional for his care, maintenance, exercise, and training of K9 Wizard.

13. Plaintiff received no additional compensation, and was not paid the overtime owed, for his care, maintenance, exercise, and training of K-9 Wizard on weekdays, weekends or holidays, from March 2019 through March 2024.

14. The Defendant paid for the K9's food and veterinarian bills.

15. Plaintiff was responsible for the K9 at all times, with the K9 going home each night with Plaintiff to Plaintiff's home, where the Plaintiff continued to care, maintain, exercise, and train K-9 Wizard.

16. Seven days a week, Plaintiff did care for, maintain, exercise, and train the K9. This is time for which Plaintiff was not paid, though Plaintiff was performing work-related duties.

17. Each day Plaintiff spent approximately (70) minutes caring for, maintaining and training the K9.

18. Each day Plaintiff spent approximately one (1) to one-and-a-half (1 ½) hours exercising the K9.

19. Plaintiff was paid nothing, and no overtime, for his care, maintenance, exercise, and training with the K9 despite it being work-related duties that the Defendant was aware Plaintiff was performing.

20. The City's actions are willful as it knows and is aware that K9 handlers are required to work for the City's benefit beyond their regular work schedule, as the City provides Providence Police canine handlers additional compensation for the care they provide police canines.

21. The City provided no such additional compensation for the Providence Fire canine, despite being aware that Plaintiff was performing work-related duties and spending additional time, for which he was not compensated, in the care, maintenance, exercise, and training of the K9.

22. Plaintiff's time spent caring for the K9 is necessarily and primarily for the benefit of Defendant. Plaintiff is required to have the K9 prepared and ready to go to work at any moment 24 hours a day, seven days a week.

23. Plaintiff's on-duty and off-duty time spent caring for the K9 is an integral and indispensable part of Plaintiff's activities and job duties as the assigned canine handler.

24. There is no agreement between Plaintiff and Defendant as to the amount of compensable time Plaintiff would receive for caring for the K9 while on-duty or off-duty.

25. Defendant did not limit or specify the amount of time Plaintiff was to spend caring for, maintaining, exercising, and training for the K9 while on-duty or off-duty, yet Defendant required Plaintiff to appropriately care for, maintain, exercise, and train the K9 every day and to have the K9 fit and ready for duty.

26. Defendant is aware that Plaintiff is performing work (i.e. care, maintenance,

exercise, and training of the K9) while on-duty and off-duty, yet Defendant willfully refuses to pay Plaintiff for this compensable time, including overtime.

27. Plaintiff's supervisors and the Defendant were aware that Plaintiff was not being compensated for the additional time and overtime that Plaintiff worked in his assigned work-related duties in caring for, maintaining, exercising, and training of the K9 that occurred both on-duty and off-duty.

28. Defendant has been aware for over three years that Plaintiff is not being paid for time, including overtime, that Plaintiff spent doing his job duties as the K9's handler and yet Defendant has repeatedly and continuously refused to pay Plaintiff for that time, including overtime.

29. Defendant's refusal to pay Plaintiffs for the additional time spent caring for the K9 is willful.

30. Defendant willfully violated the FLSA by failing to pay Plaintiff an overtime rate of pay for work he performed in excess of forty (40) hours a week spent caring for the care, maintenance, exercise, and training of the K9.

31. As a result of the failure to compensate the Plaintiff for care, maintenance, exercise, and training of the K9, as required by federal regulation, the Plaintiff worked approximately eighteen (18) hours of overtime each week for which he was not paid.

32. The FLSA and the RIMWA require employers to pay their employees at a rate not less than one and one-half times (1½) their regular rate of pay for all hours worked in excess of forty (40) in any one workweek. 29 U.S.C. §207(a)(1); R.I.G.L. §28-12-4.1.

33. Further, R.I.G.L. §28-12-4.1 requires that "No city . . . shall employ any 'firefighter,' . . . for an average workweek longer than forty-two (42) hours **unless the firefighter**

**is compensated at the rate of one and one-half (1½) times his or her regular rate for all hours worked in excess of forty-two (42) hours** based upon an average workweek." (emphasis added).

34.     The FLSA and the RIMWA exempt certain "bona fide executive, administrative, or professional" employees from its minimum wage and overtime provisions.  29 U.S.C. §213(a)(1).  The exempt and nonexempt status of any particular employee is determined on the basis of whether the employee's salary and duties meet the requirements of the U.S. Department of Labor wage and hour regulations.  29 C.F.R. §541, *et seq*.

35.     The Plaintiff's job duties were not managerial in nature and he held no authority to hire or fire other employees.  29 C.F.R. §541.100(a).

36.     The Plaintiff's primary duties were not of "such substantial importance to the management or operation of the business that [they] can be said to be 'directly related to management policies or general business operations[,]'" so as to satisfy the first prong of the duties test.  29 C.F.R. §541.205(c)(2).

37.     The Plaintiff's primary job duties did not require the exercise of discretion and independent judgment, with respect to "decisions normally made by persons who formulate policy within their spheres of responsibility or who participate in this process or who exercise authority to commit the employer in a *substantial* respect, financial or otherwise," so as to satisfy the second prong of the duties test.  29 C.F.R. §541.207(d)(2)(emphasis added).

38.     Despite the fact that the Plaintiff was a non-exempt employee, Defendant City failed to pay the Plaintiff overtime each and every week since March 2019 as required by the FLSA and the RIMWA.

39.      As stated above, the Plaintiff was regularly required to work in excess of forty (40) hours per week at Defendant City, despite 40 hours being Plaintiff's regularly scheduled

work-week.

40. Defendant City was required to compensate the Plaintiff at a rate not less than one and one-half (1 ½) times his regular rate of pay for each hour worked in excess of forty (40) in a given week.

41. Beginning in or about March 2019 and until summer 2024, Defendant City failed and/or refused to compensate the Plaintiff at a rate not less than one and one-half (1 ½) times his regular rate of pay for each hour worked in excess of forty (40) in a given week.

42. As a proximate result of the Defendant City's unlawful employment practices, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income, including past and future salary and other harm.

43. As a proximate result of the Defendant City's unlawful employment practices, Plaintiff's retirement pay was not calculated properly to Plaintiff's detriment, as it should have included, but for the City's willful acts, further pay for the additional time and overtime Plaintiff worked as the Providence Fire Department's K9 handler from March 2019 through March 2024.

## VI. Claims for Relief

44. The Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 43 above as if set forth fully herein.

## Count One
### Violation of FLSA—29 U.S.C. §207

45. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff overtime

compensation for work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b) and/or other applicable law.

### Count Two
### Violation of RIMWA, R.I.G.L. §28-12-1, *et seq*

46. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay the Plaintiff for additional time and overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-19.2 and/or other applicable law.

### VII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment that Defendant City, in the manner described herein, violated the Fair Labor Standards Act 29 U.S.C. §201, *et seq*. and the Rhode Island Minimum Wage Act R.I.G.L. §28-12-1, *et seq*.

2. enjoining and permanently restraining Defendant City from violating the Fair Labor Standards Act 29 U.S.C. §201, *et seq*. and the Rhode Island Minimum Wage Act R.I.G.L. §28-12-1, *et seq*.

3. award the Plaintiff back pay, including incremental increases, and other benefits, plus prejudgment interest thereon;

4. recalculate the Plaintiff's retirement pay with the inclusion of all overtime and other payments Defendant should have made to Plaintiff but that Defendant willfully failed to make to Plaintiff in violation of the Fair Labor Standards Act 29 U.S.C. §201, *et seq*. and the Rhode Island Minimum Wage Act R.I.G.L. §28-12-1, *et seq*

5. award the Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a)(1), 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2(a);

6.      award the Plaintiff prejudgment interest;

7.      award the Plaintiff reasonable attorney's fees and costs of litigation; and,

8.      such other and further relief as the Court deems just and proper.

## VIII.  Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## IX.  Designation of Trial Counsel

The Plaintiff hereby designates Paul Sullivan, Esq., as trial counsel.

>PLAINTIFF,
>By his attorneys,
>SULLIVAN LAW OFFICES, PC
>
>/s/ Paul Sullivan
>Paul Sullivan (#5712)
>Sullivan Law Offices, PC
>33 Broad Street, Suite 302
>Providence, RI  02903
>(401) 861-9900
>psullivan@psullivanlaw.com

Date: August 5, 2024